```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

PAMELA CYRILIEN,                  §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   CIVIL ACTION H-10-5018
                                  §
WELLS FARGO BANK, N.A.,           §
                                  §
          Defendant.              §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced action, removed from state court on diversity jurisdiction, alleging wrongful foreclosure, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and breach of contract and seeking to enjoin foreclosure, is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") motion for summary judgment (instrument #14).

After reviewing the record and the applicable law, the Court concludes that because Wells Fargo shows that as a matter of law Plaintiff currently does not have a live claim against Wells Fargo for wrongful foreclosure and violations of the FDCPA and because Plaintiff fails to meet her burden of proof on her breach of contract claim, Wells Fargo's motion for summary judgment should be granted.

**Standard of Review**

-1-

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant succeeds, the non-movant must come forward with evidence such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if

it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993). Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). "'[A] subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief.'" *Lawrence v. Univ. of Texas Medical Branch*, 163 F.3d 309, 313 (5th Cir. 1999), *quoting Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983). Nor are pleadings competent summary judgment evidence. *Little,* 37 F.3d at 1075; *Wallace v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996); *Adams Family Trust v. John Hancock Life Ins. Co.*, 424 Fed. Appx. 377, 81 & n.11 (5th Cir. May 11, 2011).

While a failure to state a claim is usually challenged by a

motion for dismissal under Rule 12(b)(6), it may also constitute the basis for a summary judgment under Rule 56 because "the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact." *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992). In such circumstances, the motion for summary judgment challenging the sufficiency of the complaint will be "evaluated much the same as a 12(b)(6) motion to dismiss." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993).

**Wells Fargo's Motion For Summary Judgment**

First Wells Fargo argues correctly that since Plaintiff is in possession of the property in dispute and admits that fact, as a matter of law she does not have a wrongful foreclosure claim.[1] The

---

[1] Plaintiff's Memorandum Response states the "the **attempted** foreclosure was wrongful because Defendant did not abide by the rules of the Plaintiff's loan modification as required by R.E.S.P.A." #26 at p.5 [emphasis added by the Court]. An attempted foreclosure will not support a wrongful foreclosure claim.

Moreover Plaintiff had filed an earlier suit against Wells Fargo in state court on January 4, 2010, Cause No. 2010-00135, which was removed to federal court, H-10-0111. Plaintiff filed an unopposed motion to dismiss (#6 in H-10-0111) on the grounds that the parties had settled their dispute and the Honorable Nancy Atlas granted that motion without prejudice (#8). In Plaintiff's Petition in the instant second suit "to enjoin and restrain a foreclosure proceeding scheduled by Defendant, **WELLS FARGO BANK, NA** for Tuesday, December 7, 2010 between 10:00 a.m.-4:00 p.m. at Harris County Courthouse, Houston Texas, Plaintiff states that "[a]s a result of this litigation [the earlier suit, Cause No. 2010-00135], "the foreclosure was abated . . . ." #1-3 ¶ 5.

This Court observes that "Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011). *See also, e.g., Anderson v. Baxter, Schwartz &*

Court agrees. "'[T]here can be no recovery for wrongful foreclosure if the mortgagor does not lose possession of the property.'" *Strange v. Flagstar Bank, FSB*, Civ. A. No. 3:11-CV-2642-B, 2012 WL 987584, *4 (N.D. Tex. Mar. 22, 2012), *citing Marquez v. Fed. Mortg. Ass'n*, No. 3:10-CV-2040, 2011 WL 3714623, *6 (N.D. Tex. Aug. 23, 2011). Thus Plaintiff's wrongful foreclosure claim, not to mention her prayer for injunctive relief based on that claim, is premature. *Texas v. United States*, 523 U.S. 296, 300 (1998)("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Second, Wells Fargo correctly contends that it is not a debt collector under the FDCPA as a matter of law and thus Plaintiff has no claim against it under the statute. Title 15 U.S.C. section 1692a(6)(F) states that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was

---

*Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, *4 (Tex. App.-Houston [14th Dist.] Jan 10, 2012)(affirming district court's conclusion that attempted wrongful foreclosure is not a recognized cause of action in Texas), *citing Port City State Bank v. Leyco Constr. Co.*, 561 S.W. 2d 546, 547 (Tex. Civ. App.-Beaumont 1977, no writ); *Owens v. BAC Home Loans Servicing, L.P.*, Civ. A. No. H-11-2742, 2012 WL 1494231, *3 (S.D. Tex. Apr. 27, 2012)(dismissing claim for wrongful attempted foreclosure because it is not cognizable under Texas law).

originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." Wells Fargo is not a debt collector under the statute because, as evidenced by documents attached to its motion, its collection on the Promissory Note at issue (1) is incidental to a bona fide fiduciary obligation created by virtue of its position as a mortgage servicer; (2) concerns a debt which was not in default at the time the Note was assigned to Wells Fargo; and (3) concerns a debt obtained by Wells Fargo as a secured party in a commercial credit transaction as evidenced by the Deed of Trust. Furthermore the Fifth Circuit has interpreted the legislative history of § 1692a(6) to indicate conclusively that the term "debt collector" does not include a mortgage servicing company or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *Brock v. Federal Nat. Mortg.*, No. 4:11-CV-211-A, 2012 WL 620550, *3 (N.D. Tex. Feb. 24, 2012)..[2] "[F]oreclosing on the property pursuant to a deed of

---

[2] Wells Fargo's documentation demonstrates that Plaintiff, as borrower, and Cornerstone Mortgage Company ("CMC"), as lender, executed the Note and Deed of Trust, as security for the Note, on May 30, 2008 (Exs. A and B). CMC sent Plaintiff a Note of Transfer of Servicing Rights, Exhibit C, informing her that Wells Fargo was the new mortgage servicer and that the July 2008 should be sent to it. Plaintiff did not default on the Note until July

trust is not the collection of a debt within the meaning of the FDCPA." *Rendon v. Countrywide Home Loans, Inc.*, 2009 WL 3126400, *9 (E.D. Cal. Sept. 24. 2009), *citing Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

Plaintiff also suggests that Wells Fargo did not follow the notice provisions of Texas Property Code § 51.002 relating to posting of the foreclosure. She fails to identify what provisions and allege facts showing Wells Fargo's failure to satisfy them. furthermore, since the foreclosure sale never took place, this claim is moot.

Third, Plaintiff's Original Petition asserts a breach of contract claim based on an alleged Second Forbearance Agreement that she claims was entered into by Plaintiff and Wells Fargo to settle her first suit against Wells Fargo.

To state a claim for breach of contract under Texas law plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *American General Life Ins. Co. v. Kirsch*, 378 Fed. App'x 379, 383 (5th Cir. 2010); *see also Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W. 3d 345, 351 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

---

2009, so the Note was not in default at the time Wells Fargo became a mortgage servicer on the loan.

Under Texas law, the statute of frauds usually bars the enforcement of contracts, including loan agreements, that exceed $50,000 in value "'unless the agreement is in writing and signed by the party to be bound or by the party's authorized representative..'" *Grievous v. Flagstar Bank FSB*, Civ. A. No. H-11-246, 2012 WL 1900564, *5 (S.D. Tex. May 24, 2012), *quoting* Tex. Bus. & Com. Code § 26.02(b). That written loan agreement determines a party's rights and obligations supersedes and merges into the loan agreement all prior agreements between the parties. *Id., citing id. and* § 26.02(c). The statute of frauds bars and makes unenforceable oral modifications to a loan agreement under § 26.02 unless they fall within an exception to the statute of frauds or do not "'materially alter the obligations imposed by the original contract.'" *Id., quoting Montalvo v. Bank of America Corp.*, ___ F. Supp. 2d ___, No. SA-10-CV-360-XR, 2012 WL 1078093, at *13 (W.D. Tex. Mar. 30, 2012); *see also Wiley v. U.S. Bank, N.A.*, 2012 WL 1945614, *6 (N.D. Tex. May 30, 2012("both Texas and federal courts have concluded that, generally, both the original loan and any alleged agreement to modify the original loan are governed by section 26.02 and must be in writing.'"). "An oral agreement to modify the percentage of interest to be paid, the amounts of installments, security rights, the terms of the remaining balance of the loan, the amount of monthly payments, the date of the first payment, and the amount to be paid monthly for

taxes and insurance is an impermissible oral modification." *Montalvo*, 2012 WL 1078093 at *13, *citing Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984). "[W]here the plaintiffs allege that they applied for a specific program altering their obligations under the original loan and came to an oral agreement with the bank regarding this program, this is a material alteration of the underlying contract and thus subject to the statute of frauds." *Id., citing Deuley v. Chase Home Finance, LLC,* Civ. A. No. H-05-04253, 2006 WL 1155230, *2 (S.D. Tex. Apr. 26, 2006).

Plaintiff contends that Wells Fargo "proffered" a Second Special Forbearance Agreement to her, which stated that she was to pay a monthly fee of $900 for six consecutive months and that as a condition of her compliance was that Wells Fargo would "review her present financial condition including revaluation of her loan modification request." #1-3 at p.7. She maintains these payments are reflected in the Customer Account Activity Statement provided by Defendant (Ex. A to Original Petition and Ex. F to #14), which Wells Fargo's motion for summary judgment has not addressed. She alleges that after completing the conditions of the Agreement, she sent an additional mortgage payment constituting unpaid interest to Wells Fargo on or about July 2010, but that Wells Fargo "failed to acknowledge her compliance to finalize a loan modification." Therefore she hired a lawyer to review Wells Fargo's actions. *Id*. The attorney forwarded a "Qualified Written Request" under 12

U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA")[3] to be able to review and evaluate her loan and payment history and perform her obligations under the loan. *Id.* When she

---

[3] RESPA mandates that a loan servicer must respond by set deadlines to a QWR from a borrower. 12 U.S.C. § 2605(e). A QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer" that identifies or provides information that makes identifiable by the servicer the name and account at issue and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the service regarding other information sought by the borrower." 12 U.S.C. § 2606(e)(1)(B). The QWR must relate to the servicing of the loan. 12 U.S.C. § 2605(e)(1). "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest." 12 U.S.C. § 2605(i). Within sixty days of receiving a QWR, the loan servicer must (a) make appropriate corrections in the borrower's account; (b) provide the borrower with a written explanation of why the account is correct and who the borrower may contact for further assistance; or (c) provide the borrower with the information requested, or a written explanation of why the information is unavailable or cannot be obtained by the servicer and whom the borrower may contact for further assistance. 12 U.S.C. § 2605(e)(2)(A)-(C). To recover for a claim under RESPA. the borrower must show actual damages resulted from the violation of the statute to pursue a private cause of action under it. 12 U.S.C. § 2605(f). Section 2605, in addition, requires that the borrower be informed when a loan is transferred from one servicer to another. 12 U.S.C. §2605(i). *See, e.g., Akintunji v. Chase Home Finance, LLC*, Civ. A. No. H-11-389, 2011 WL 2470709, *2 (S.D. Tex. June 20, 2011); *Gibson v. Federal Home Loan Mortg. Corp.*, Civ. A. No. H-12-0662, 2011 WL 1898886, *2 (S.D. Tex. May 23, 2012); *Oden v. JPMorgan Chase Bank, N.A.*, Civ. A. No. H-12-0861, 2012 WL 1610782, *2 (S.D. Tex, May 8, 2012); *VanHauen v. American Home Mortgage Servicing, Inc.*, No. 4:11-CV-461, 2012 WL 874330, *7 (E.D. Tex. Feb. 17, 2012), *report and recommendation adopted*, 2012 WL 874328 (E.D. Tex. Mar. 14, 2012).

Plaintiff does not appear to be asserting a separate claim for violation of RESPA. She does not cite any specific provisions nor identify an particular notice[s] she was purportedly not sent, or pleaded actual damages she suffered as a result.

received the documentation, "there were disputes raised by Plaintiffs and further correspondence between them and [Wells Fargo] in regards to a loan modification of the existing promissory note." *Id.* at p.8.  She also claims she requested, but was not provided with, documents evidencing the Agreement for the $900.00 monthly payments.[4]

In its motion for summary judgment Wells Fargo contends that no such agreement was ever made.  Wells Fargo presents a copy of the First Special Forbearance Agreement that Wells Fargo offered and Plaintiff accepted in April 2009 after Plaintiff lost her job in February 2009 (Ex. E).  Under that agreement Plaintiff agreed to pay $12,694.81 by October, 2009 but she defaulted under the note in July 2009.  After Plaintiff requested loan modification a number of times (Exs. G, H, I, J, K), Wells Fargo offered Plaintiff by a letter dated January 19, 2010 (Ex. L) a second special forbearance agreement under which Plaintiff would have to pay $19,396.49 by May 19, 2012.  The letter does not say anything about monthly payments of $900.  *Id.*  Moreover in response to an Interrogatory (#3, Ex. M), Plaintiff admits that she did not make six consecutive payments of $900.

Wells Fargo states that on July 9, 2010 it told Plaintiff that her request for a loan modification had been approved and it

---

[4] The Court notes that Plaintiff never filed a motion to compel.

offered her a Loan Modification Agreement (Ex. N to #13) that *inter alia* lowered her monthly payments to $1225.95, with payments to begin on September 1, 2010. Nevertheless on July 16, 2010, in a letter of that date (Ex. O), she rejected that agreement because she could not afford that high a monthly payment. In a letter dated August 8, 3010, sent to Plaintiff by certified mail, Wells Fargo notified Plaintiff that the Note was in default in the amount of $24,553.76 and that if she did not pay that amount by September 7, 2010, the entire indebtedness would be accelerated and Wells Fargo would initiate foreclosure proceedings. Notice of Default Letter, Ex. P. Plaintiff sent a couple of form letters reiterating her financial hardship and continuing to request a different loan modification. On October 8, 2010, Wells Fargo informed her by letter (Ex. S to #14) that it was unable to adjust the terms of Plaintiff's mortgage because it could not agree to a revised payment that she could afford. Plaintiff has admitted that Wells Fargo has not foreclosed on the Property and that she remains in possession of it. Ex. T. The last payment of any kind that she sent to Wells Fargo was in June 2010. Exs. M and F.

Plaintiff has failed to produce the writing for or any evidence of the alleged Second Special Forbearance Agreement that purportedly reduced her payments to $900. Therefore the statue of frauds precludes her breach of contract claim. Wells Fargo does submit a Notice of No Oral Agreements providing statutory notice to

Plaintiff that the Note in disupure was subject to the statute of frauds, which Plaintiff signed on May 30, 2008, in addition to the Note and Deed of Trust. Ex. D. Wells Fargo's documentary evidence also shows that its initial efforts to accommodate Plaintiff failed, that she defaulted on the Note, and that she was unable to meet and/or rejected its further offers to reduce her payments, interest rate, etc. Because as a matter of law she fails to state cognizable claims for wrongful foreclosure and breach of the FDCPA and because Plaintiff has not met her burden of proof on her breach of contract claim, Wells Fargo prevails on all Plaintiff's causes of actions and therefore her prayer for injunctive relief is moot. Thus Wells Fargo is entitled to summary judgment on Plaintiff's breach of contract cause of action.

　　Accordingly, the Court

　　ORDERS that Wells Fargo's motion for summary judgment is GRANTED. A final judgment will issue by separate document.

　　**SIGNED** at Houston, Texas, this  11th  day of June , 2012.

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MELINDA HARMON
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE